**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-6256**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMAR MARVIN SIMMONS, a/k/a Mar,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:13-cr-00061-GLR-1; 1:14-cv-03911-GLR)

───────────

Submitted:  July 20, 2023                    Decided:  July 25, 2023

───────────

Before NIEMEYER and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Jamar Marvin Simmons, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Marvin Simmons appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion for relief from judgment as an unauthorized, successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction.[*]  Our review of the record confirms that the district court properly construed Simmons' Rule 60(b) motion as a successive § 2255 motion over which it lacked jurisdiction because he failed to obtain prefiling authorization from this court.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *McRae*, 793 F.3d at 397-400. Accordingly, we affirm the district court's order.

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Simmons' notice of appeal and informal brief as an application to file a second or successive § 2255 motion.  Upon review, we conclude that Simmons' claims do not meet the relevant standard.  *See* 28 U.S.C. § 2255(h).  We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive § 2255 motion. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

2